IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Civil No. |
| $48,903.06 in U.S. CURRENCY, | : | |
| Defendant. | : | |

: : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, the UNITED STATES OF AMERICA, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Stefan D. Cassella, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1.  This is a civil forfeiture action against United States currency which was furnished or intended to be furnished in exchange for a controlled substance or listed chemical, or constituted proceeds traceable to an exchange of controlled substances or moneys used to facilitate a violation of 21 U.S.C. § 841, and therefore should be forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

### THE DEFENDANTS *IN REM*

2.  The defendant property consists of $48,903.06 in United States currency (hereinafter, the "Defendant Property").

3.          The Defendant Property was seized on or about May 2, 2013, from Bank of America Money Market Savings Account, Account Number xxxxxxxx6778, held in the name of Kevin Alston, pursuant to the execution of a court ordered seizure warrant. The Defendant Property subsequently was placed in the custody of the United States Marshals Service in the District of Maryland where it remains.

## JURISDICTION AND VENUE

4.          Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881.

5.          This court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6.          Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the Defendant Property is located in this district.

## BASIS FOR FORFEITURE

7.          The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money,

2

negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8.  The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Richard Freund, Task Force Officer of the Drug Enforcement Administration, which is incorporated herein by reference.

**WHEREFORE,** THE Plaintiff prays as follows:

1. That any person or persons having any interest therein be cited to appear herein and answer the Complaint;

2. That a Warrant of Arrest *in rem* issue to the United States Marshal commanding the arrest of the Defendant Property;

3. That Judgment of Forfeiture be decreed against the Defendant Property;

4. That upon Final Decree of Forfeiture, the United States Marshal dispose of the Defendant Property according to law;

5. That the Plaintiff have such other and further relief as the case may require.

Dated: October 18, 2013

Respectfully submitted,

Rod J. Rosenstein
UNITED STATES ATTORNEY
District of Maryland

_____
Stefan D. Cassella
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
Tel: (410) 209-4800

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $48,903.06 in United States Currency.

I, Richard Freund, Task Force Officer of the Drug Enforcement Administration ("DEA"), submit that there are sufficient facts to support a reasonable belief that the $48,903.06 in United States currency constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841 and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

a. Since October 2012, detectives with the Baltimore County Police Department and DEA task force conducted an investigation into the illicit marijuana and cocaine distribution scheme of Deanna Bailey ("Bailey") and her co-conspirators.

b. Through information provided by confidential informants, surveillance, dialed number recorders, call detail records, a controlled buy, Baltimore County Police Department records, as well as other methods of investigation, detectives corroborated that Bailey was distributing marijuana and cocaine in the Baltimore Metropolitan area.

c. Kevin Donnell Alston ("Alston") was one of Bailey's co-conspirators.

d. On March 11, 2013, the Honorable Judge Cahill of the Circuit Court for Baltimore County granted the Baltimore County Police Department's request to initiate interceptions for Bailey's telephone lines, including telephone numbers 410-493-8036 and 410-499-1220.

e. On March 15, 2013, around 4:10 p.m., Alston, using telephone number 443-932-5658, called Bailey at number 410-493-8036. This call was not answered by Bailey and proceeded to her voicemail. During this call, Alston can be heard having a conversation on another telephone.

f. On March 15, 2013, around 4:10 p.m., Alston, using telephone number 410-240-0276, called Bailey at number 410-499-1220. Bailey answered, and Alston said that he was waiting for Bailey whenever she is ready.

g. Alston's conversation with Bailey can be heard on both of Bailey's telephone lines.

h. On March 18, 2013, around 8:32 p.m., Alston, using telephone number 443-932-5658, called Bailey at number 410-493-8036. During the call, Bailey told Alston that she has talked to her "dude" and said that he had "ten of them." Bailey further said that she wanted to make sure that Alston wanted them before she called "dude" back. Alston told Bailey to "make it happen."

i. Around 8:36 p.m., Bailey called Alston and told him to "have it all together" so they wouldn't have to count it and could do the transaction quickly. Bailey said that she would get back to him in about an hour.

j. Around 10:18 p.m., Bailey called Alston and told him that she was five minutes away.

k. Around 10:29 p.m., Bailey called Alston and said that she was at his door.

l. At that time, Alston resided at 856 Benninghaus Road, Baltimore, Maryland.

m. Alston intended to purchase marijuana from Bailey while she was at his residence.

n. When Bailey told Alston to "have it all together" so they wouldn't have to count it, she wanted Alston to have the money ready for her when she arrived so she would not have to count the money.

o. During the course of the investigation into Bailey and her co-conspirators, detectives seized and intercepted over 300 pounds of marijuana which was intended to be distributed by Bailey and her drug organization. The seized marijuana had a street value of approximately $300,000.

p. On April 29, 2013, the Honorable Judge Cahill of the Circuit Court for Baltimore County issued a search and seizure warrant for Alston, Alston's residence at 856 Benninghaus Road, Baltimore, Maryland, and Alston's 2004 Hyundai bearing Maryland registration 5BA4245.

q. On May 2, 2013, members of the Baltimore County Police Department Narcotics section, along with members of the Baltimore City Police Department, Harford County Sheriff's Office, Howard County Police Department, and the DEA executed thirteen (13) search and seizure warrants related to the investigation of Bailey and her co-conspirators, including the search and seizure warrant of Alston, his residence, and his vehicle.

r. As a result of the execution of these warrants, detectives recovered over $500,000 in United States currency, and various quantities of cocaine, heroin, and marijuana.

s. Detectives also recovered at least one handgun, a money counter, and two kilo presses.

t. On October 15, 2013, Bailey pled guilty to conspiracy to commit money laundering for transactions that included money derived from a marijuana trafficking operation in violation of 18 U.S.C. § 1956(h), as charged in the indictment in case number 1:13-cr-00302-JKB in the Federal District Court for the District of Maryland.

u.    Detectives searched Alston's residence and seized the following:

    1)    $24,000.00 in United States currency;

    2)    one half pound of marijuana;

    3)    narcotics packaging materials;

    4)    documents indicating that Alston has a bank account with Bank of America.

v.    The marijuana seized from Alston's residence was packaged for distribution.

w.    The $24,000.00 in United States currency seized from Alston's residence was separated into $1,000.00 bundles.

x.    A key to a bank safe deposit box was inside an envelope that was located in the center console of Alston's 2004 Hyundai. "Box 425" was written on the front of the envelope that contained the key.

y.    Alston had an active savings account with Bank of America.

z.    Additionally, Alston had a safe deposit box in the Bank of America branch located at 6700 York Road, Baltimore, Maryland.

aa.    During the execution of the search and seizure warrant, Alston said that all of the drugs in his residence belonged to him.

bb.    Alston also said that the United States currency that was seized during the search was his property.

cc.    At the time the search warrant was executed, Alston was unemployed.

dd.    Persons involved in the illicit drug trade frequently use safe deposit boxes to secret money derived from the drug trade, as well as other documents and items of evidentiary value that support their involvement in the drug trade.

ee.    Persons involved in the illicit drug trade often use multiple bank accounts in an attempt to disguise or legitimize their proceeds from illegal activity. Additionally, because large sums of cash are generated from the illegal activity, not all of the cash can be deposited into bank accounts without arousing suspicion. Thus, often the remainder of the cash will be held at the person's residence or a safe house until it can be deposited into the bank, or until cash is needed to continue with the illegal activity.

ff. Alston was arrested on May 2, 2013, as a result of the search and seizure warrant executed at his residence on Benninghaus Road. Alston's trial is pending for those charges, which include: possession of a controlled dangerous substance with intent to distribute, possession of marijuana, and possession of drug paraphernalia.

gg. On May 2, 2013, detectives applied for and obtained a seizure warrant for any and all accounts held in the name of Alston, and for a safe deposit box at Bank of America. Detectives served the warrant in person at the Bank of America located at 6700 York Road, Baltimore, Maryland, and served a copy via fax to the bank's legal processing unit in Utica, New York.

hh. Safe deposit box number 425 had been accessed only one time, on February 4, 2011, by Alston. On May 2, 2013, the box was empty.

ii. When it was seized on May 2, 2013, Alston's Bank of America savings account, account number xxxxxxxx6778, contained $48,903.06, and his Bank of America checking account, account number xxxxxxxx1132, contained $1,428.47. Both accounts were seized as drug proceeds.

jj. A Maryland wage report on Alston revealed that he had earned wages from Canada Dry Potomac Corporation for a period from the third quarter of 2011 to the second quarter of 2013. During that time Alston made a gross total of $56,755.00 with only $6,952.00 from 2013. The report shows no wages for Alston since his arrest.

kk. On July 31, 2013, Alston was also indicted for conspiracy to distribute marijuana as a result of the Title III wiretap investigation. Alston's trial is also pending in that case.

ll. The amount of currency seized from Alston's Bank of America accounts is only slightly less than Alston's reported legitimate gross income earned over a period of almost two years prior to his arrest and the seizure of the currency. Therefore, it is reasonable to infer that some, if not all, of the Defendant Property consists of drug proceeds, or that even if the Defendant Property was derived from legitimate earnings, such earnings could not have been saved but for Alston's use of drug proceeds to pay living expenses over two years.

**I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. § 1746 THAT THE FACTS SUBMITTED BY THE BALTIMORE COUNTY POLICE DEPARTMENT, IN REFERENCE TO THE SEIZURE OF $48,903.06 IN UNITED STATES CURRENCY FROM KEVIN ALSTON ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.**

_____
Richard Freund
Task Force Officer
Drug Enforcement Administration

## VERIFICATION

I, Stefan D. Cassella, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Drug Enforcement Administration and that everything contained therein is true and correct to the best of my knowledge and belief.

Dated: October 18, 2013

_____
Stefan D. Cassella
Assistant United States Attorney

## MEMORANDUM

| | |
|---|---|
| DATE: | October 21, 2013 |
| TO: | Kristine Cupp<br>U.S. Marshal Service |
| FROM: | Naquita C. Ervin<br>Paralegal Specialist<br>U.S. Attorney's Office - District of Maryland |
| RE: | U.S. v. $48,903.06 U.S. CURRENCY<br><br>**Civil Action No.**<br><br>CATS ID 13-DEA-584171<br>Agency Case No. – GC.13.0104 |

The United States has filed a forfeiture action against **$48,903.06 U.S. CURRENCY.** A copy of the Complaint for Forfeiture is attached.

Notice of this seizure will be published at **www.forfeiture.gov** pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

Thank you.


Attachment

1

| U.S. Department of Justice<br>United States Marshals Service | | PROCESS RECEIPT AND RETURN |
|---|---|---|
| PLAINTIFF<br>UNITED STATES OF AMERICA | | COURT CASE NUMBER |
| DEFENDANT<br>$48,903.06 U.S. Currency | | TYPE OF PROCESS<br>Verified Complaint in Rem |

| SERVE<br>▶<br>AT | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN<br>GC-13-0104 / 13-DEA-584171 |
|---|---|
| | ADDRESS (Street or RFD, Apartment No., City, State, and ZIP Code) |

| SEND NOTICE OF SERVICE TO REQUESTER AT NAME AND ADDRESS BELOW: | Number of process to be served with this Form - 285 | |
|---|---|---|
| Naquita C. Ervin, FSA Paralegal Specialist<br>U.S. Attorney's Office<br>36 S. Charles Street, 4th floor<br>Baltimore, Maryland 21201 | Number of parties to be served in this case | |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Address, All Telephone Numbers, and Estimated Times Available For Service)

Arrest property. Fill in the date of arrest in this process receipt and return our copy.

| Signature of Attorney or other Originator requesting service on behalf of: | TELEPHONE NUMBER<br>410.209.4800 | DATE<br>10/21/13 |
|---|---|---|

### SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated.<br>(Sign only first USM 285 if more than one USM 285 is submitted) | Total Process<br>No. | District of Origin<br>No. | District to Serve<br>No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc. at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below).

| Name and title of individual served (If not shown above). | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. | |
|---|---|---|
| Address (complete only if different than shown above) | Date of Service | Time<br>am<br>pm |
| | Signature of U.S. Marshal or Deputy | |

| Service Fee | Total Mileage Charges<br>(including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount Owed to US Marshal or | Amount or Refund |
|---|---|---|---|---|---|---|

REMARKS:

PRIOR EDITIONS MAY BE USED    SEND ORIGINAL + 2 COPIES to USMS.

1. CLERK OF COURT  2. USMS Record  3. Notice of Service  4. Billing Statement  5. Acknowledgment of Receipt